UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GANLIN YU,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No.:  26cv3452-LL-VET

**ORDER**

**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**
[ECF No. 1]

**(2) DENYING AS MOOT MOTION TO VACATE ORDER TO SHOW CAUSE**
[ECF No. 5]

Before the Court is pro se Petitioner Ganlin Yu's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return. ECF No. 4. Respondents also filed a Motion to Vacate Order to Show Cause and Lift Stay of Removal ("Motion"). ECF No. 5. For the reasons set forth below, the Court **DENIES** the Petition and **DENIES AS MOOT** the Motion.

I.    **BACKGROUND**

Petitioner is a citizen of China who arrived in the United States by plane on March 22, 2025 with a "nonimmigrant U.S. visa B1/B2 class" and seeking asylum. ECF

1

No. 4-2 at 2–3. Petitioner was found to be inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") for lacking a valid entry document and was advised that she needs a "valid U.S. visa and/or a waiver to be considered for admission into the United States." *Id.* at 3, 6.

Petitioner was detained and processed for expedited removal pending a credible fear hearing. *Id.* at 3. An asylum officer found Petitioner demonstrated a credible fear of persecution or torture. *Id.* at 6. On January 23, 2026, an immigration judge denied Petitioner's application for asylum, withholding of removal under section 241(b)(3) of the INA, and withholding of removal under the Convention Against Torture. *Id.* at 9. She was ordered removed to China. *Id.* at 11. When Petitioner did not file an appeal with the Board of Immigration Appeals, the order became administratively final on January 23, 2026. ECF No. 4-1, Declaration of Edgar Olvera ("Olvera Decl."), ¶ 3.

On June 8, 2026, Petitioner filed the instant Petition. Pet.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner seeks relief from prolonged detention without a bond hearing. Pet.

Respondents contend that Petitioner is (1) properly detained under 8 U.S.C. § 1231, (2) her claim is unripe under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and (3) Immigration and Customs Enforcement has a valid travel document and Petitioner is scheduled to be / / /

2

removed from the United States in the next two weeks. ECF No. 4 at 2; Olvera Decl. ¶¶ 6–8.

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for up to ninety days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)–(2). This ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, then the burden shifts to the government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be "conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700; *see* 8 U.S.C. § 1231(a)(3).

The Court finds that Petitioner's detention of approximately five months after a final order of removal—beginning on January 23, 2026—is presumptively reasonable. *See Zadvydas*, 533 U.S. at 701; *see also, e.g.*, *Khalilova v. Smith*, No. 25-CV-2140 JLS (DDL), 2025 WL 3089522, at *3 (S.D. Cal. Nov. 5, 2025) (finding detention of about four months after a final order of removal to be within the presumptively reasonable period). Petitioner has provided no evidence to rebut the presumption and does not provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable / / /

26cv3452-LL-VET

future. Accordingly, the Court finds that Petitioner's Petition is premature and there is no grounds for relief at this time.

## IV. CONCLUSION

Based on the above, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus **without prejudice**. Accordingly, Respondents' Motion to Vacate Order to Show Cause and Lift Stay of Removal is **DENIED as moot**. As this concludes the litigation in this matter, the Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated:  June 25, 2026

_____

Honorable Linda Lopez
United States District Judge

26cv3452-LL-VET